**So Ordered.**



Frank L. Kurtz
Bankruptcy Judge

**Dated: August 1st, 2013**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: <br><br> ALL SERVICES, INC., <br><br> Debtor. | Case No. 12-05110 FLK11 <br><br> **FINDINGS OF FACT & CONCLUSIONS OF LAW RE: FINAL APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION** |

**FINDINGS OF FACT &
CONCLUSIONS OF LAW** -1-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

This matter came on for hearing on August 1, 2013 on Debtor's request for final approval of its 2nd Disclosure Statement **("Disclosure Statement")** (Docket No. 76) and confirmation of the Debtor's proposed Plan of Reorganization **("Plan")** (Docket No. 84). The Court has considered the Declaration of Gary Johnson as well as any testimony elicited at the confirmation hearing. Based upon the evidence, the Court hereby finds and concludes as follows:

I.  *Findings of Fact*

1. The Court has entered an order conditionally approving the Disclosure Statement (Docket No. 83). In conditionally approving the Disclosure Statement, the Court found that the Disclosure Statement likely contained sufficient information and disclosure to allow creditors to make an informed decision about voting on the Debtor's Plan. No objections to approval of the Disclosure Statement have been filed since it was conditionally approved. The Court has re-evaluated the Disclosure Statement and confirms its finding that the Disclosure Statement contains adequate information to allow creditors to make an informed decision about voting on the Debtor's Plan.



**FINDINGS OF FACT &**
**CONCLUSIONS OF LAW**      -2-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

2. The Debtor gave proper notice of its Plan and the hearing on confirmation of the Plan and final approval of the Disclosure Statement to creditors and parties in interest as required by applicable provisions of Bankruptcy law and Bankruptcy rules.

3. The only class of claims which was impaired under the Plan was Class 4 – Unsecured Creditors.

4. The Debtor has properly filed the Report of Balloting, indicating that 100% both as to amount and number of claims in Class 4 have accepted the Plan.

5. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.

6. The Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.

7. The Plan has been proposed in good faith and not by any means forbidden by law.

8. All payments made or promised by the Debtor under the Plan for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable



FINDINGS OF FACT &
CONCLUSIONS OF LAW    -3-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court. No party is issuing securities or acquiring property under the Plan.

9. After confirmation of the Plan, Gary Johnson, who is the sole officer, director and owner of one hundred percent (100%) of the capital stock of the Debtor, will continue to serve as the sole officer and director of the Debtor. Gary Johnson will continue to manage the Debtor and receive a salary of $5,800/month during the term of the Plan. Gary Johnson's father, Jack Johnson, will continue to serve the Debtor as a consultant at a monthly salary of $3,000.00 during the term of the Plan.

10. The retention of Mr. Gary Johnson and Mr. Jack Johnson pursuant to the terms of the Plan is in the best interests of the Debtor, the Estate and creditors because current management has demonstrated that they can profitably run the Debtor's business in a way which is likely to result in Plan payments being made.

11. Liquidation of the Debtor would likely result in a shortfall in payment to the Class 3 priority claims of the Washington State Department of Revenue and the Internal Revenue Service, meaning that in a chapter 7



FINDINGS OF FACT &
CONCLUSIONS OF LAW            -4-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

liquidation no funds would be available for distribution to Class 4 Unsecured creditors. Under the Plan, Class 4 Unsecured Creditors are receiving payments of one hundred percent (100%) of their allowed secured claims, with interest.

12. All objections to confirmation of the Debtor's plan have been resolved.

13. With respect to Class 4 (the only impaired class of claims under the Plan), each holder of a claim in such class has either: (a) accepted the Plan; or (b) will receive greater distributions under the Plan than if the case were converted to a case under chapter 7 of the Bankruptcy Code.

14. Classes 1, 2, 3 and 5 are unimpaired or not entitled to vote on the Plan.

15. Class 2 constitutes the priority tax claims of the Internal Revenue Service and Washington State Department of Revenue pursuant to 11 U.S.C. §507(a)(8). The Plan provides for payment of the Class 2 claims in regular installments over a period no greater than five (5) years from the order for relief. The payments called for by the Plan will provide Class 2 claimants with a total value, as of the effective date of the Plan, equal to the allowed



FINDINGS OF FACT &
CONCLUSIONS OF LAW            -5-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

amount of such claims.  The Plan calls for the payment of interest on such Class 2 claims in the amount provided for by applicable law.  Payments to Class 2 claimants under the Plan are upon terms more favorable than those to any other non-priority unsecured creditor.

16. The Debtor's operations during the course of the case (as evidenced by the Debtor's monthly operating statements on file with the Court), together with the Debtor's projections for post-confirmation payments contained in the Disclosure Statement demonstrate that confirmation of the Debtor's plan is not likely to be followed by liquidation or the need for further financial reorganization.

17. The Plan provides for the payment of all United States Trustee fees payable under 28 U.S.C. §1930.

18. The Plan provides for a settlement between the Debtor, Mr. Jack Johnson and Central Engine Sales & Service, Inc.  The terms of the settlement are that:

18.1 Jack Johnson & Central Engine Sales & Service, Inc. **("Released Parties")** will pay the Debtor the sum of $50,000.00 **("Settlement Funds")** on or before the Effective Date of the Plan.

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**           -6-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

12-05110-FLK11    Doc 108    Filed 08/01/13    Entered 08/02/13 14:48:23    Pg 6 of 11

18.2 Upon payment of the Settlement Funds, the Released Parties will be released from any and all claims which the Debtor or the Estate may have against the Released Parties, including but not limited to any claims under Title V of the United States Bankruptcy Code, any avoidance claims, any preference claims or any claims to return of compensation paid to the Released Parties during the course of the Bankruptcy case.

18.3 The Released Parties will subordinate their Class 2 claims to the claims of all other creditors under the Plan.

19. The terms of the proposed settlement between the Debtor and Released Parties were fully and adequately disclosed to creditors and parties in interest. The Court approves the terms of the settlement between the Debtor and the Released Parties according to the terms and conditions described in the Plan.

20. All payments to insiders during the course of the case have been disclosed.

21. The Effective Date of the Plan is the day that is fourteen (14) days after the date the order confirming the Plan is entered.

FINDINGS OF FACT & CONCLUSIONS OF LAW -7-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

12-05110-FLK11    Doc 108    Filed 08/01/13    Entered 08/02/13 14:48:23    Pg 7 of 11

22. Substantial Consummation of the Plan will occur upon the first quarterly payment to unsecured creditors being made in accordance with the terms of the Plan.

II. *Conclusions of Law*

Based upon the foregoing findings of fact, the pleadings filed in this case and the testimony provided at the confirmation hearing, the Court concludes that:

A. The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. §1129 have been met.

B. The requirements for approval of the Disclosure Statement imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. §1125 have been met. The Disclosure Statement contains adequate information as required by 11 U.S.C. §1125.

C. The Disclosure Statement should be approved.

D. The Plan should be confirmed.



FINDINGS OF FACT &
CONCLUSIONS OF LAW  -8-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

E. To the extent that the above entered findings of fact are, in fact, conclusions of law, such findings are hereby incorporated into these conclusions of law and should be denominated as such.

F. The provisions of Chapter 11 have been complied with and the Plan has been proposed in good faith and not by means forbidden by law.

G. Any and all payments for which Bankruptcy Court approval is required, including authorization required by 11 U.S.C. §§327 and 330, shall remain subject to Bankruptcy Court approval notwithstanding confirmation of the Plan.

H. The Debtor has disclosed the identity and affiliations of all parties who are to serve as officers and directors under the Plan. The Debtor has disclosed the identity of all insiders who will be paid a salary or consulting fees under the Plan. The Debtor's disclosures satisfy the requirements of 11 U.S.C. §1129(a)(5).

I. No governmental regulatory commission is required to approve the Plan or the terms of the Plan.

J. The Debtor's Plan satisfies the requirements of 11 U.S.C. §1129(a)(7) in that the only impaired class (Class 4) has accepted the Plan.



FINDINGS OF FACT &
CONCLUSIONS OF LAW     -9-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

Each member of Class 4 will receive value, as of the effective date of the plan, that is not less than the amount such claimant would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

K. Class 4 is the only impaired class under the Plan. All other classes have either: (a) accepted the Plan; or (b) are not impaired under the Plan.

L. Administrative Claims described by 11 U.S.C. §503(b) and 11 U.S.C. §507(a)(2) are provided for as required by 11 U.S.C. §1129(a)(9).

M. Priority Tax Claims of the Internal Revenue Service and Washington State Department of Revenue are provided for as required by 11 U.S.C. §1129(a)(9)(C) and other applicable law. Such priority tax claims will be paid in full no later than five (5) years from the date of the order for relief and at such interest rates as required by law.

N. The only class of impaired claims has accepted the Plan and the Plan therefore meets the requirements of 11 U.S.C. §1129(a)(10).

O. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors.

FINDINGS OF FACT &
CONCLUSIONS OF LAW        -10-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

12-05110-FLK11    Doc 108    Filed 08/01/13    Entered 08/02/13 14:48:23    Pg 10 of 11

P. The Effective Date of the Plan will be the date that is fourteen (14) days following entry of the order of confirmation.

Q. Substantial confirmation of the Plan will occur only upon making the first quarterly payment to Class 4 unsecured creditors as required by the Plan.

R. Creditors and parties in interest were given notice of the confirmation hearing and no objections thereto were made, or if made, have been withdrawn, resolved or overruled.

S. The settlement between the Debtor and the Released Parties is beneficial to the Estate and its creditors. The settlement violates no provision of applicable law is and is hereby approved as part of the Plan.

/ / / End of Order / / /

/s/ Roger W. Bailey
ROGER W. BAILEY (WSBA 26121)
Bailey & Busey PLLC
Counsel for All Services

\\Diane-pc\e\USB 3.0 PC Card Adapter\ALL SERVICES, INC-170\Bankruptcy-2012002\Pleadings\Disclosure Statement\Findings of Fact & Conclusions of Law - 073013.doc

**FINDINGS OF FACT & CONCLUSIONS OF LAW** -11-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282